WILLIAM W. BOYCE· ET AL. *vs.* WILLIAM N. WORLEY.

*Implied Contract.*

Where services are rendered by one party for another, without any express agreement as to his compensation, he is entitled·to be paid the fair value of such services.

Appeal from an order of the Circuit Court of Baltimore City. The executors of James Boyce filed a bill for the administration of the estate in the said Circuit Court, and in the course of the administration Auditor's Accounts were stated, allowing the sum of $1,240 to the appellee, Worley, for salary as clerk to the executors, at the rate of $40 per month, from September 1, 1891, to April 1, 1894. To this allowance the appellants excepted and appealed from the order of the Court below (DENNIS, J.), overruling their exceptions. The appellee's evidence showed that John A. Boyce, one of the executors, suggested to ex-Judge Wm. A. Fisher, another of the executors (Wm. W. Boyce being the third), $100 a year as a proper salary for Mr. Worley for keeping the books for the estate. To this proposition Judge Fisher refused to agree, and nothing more was done in reference to the matter at that time. Judge Fisher could not recollect where. or when this conversation took place or whether Wm. W. Boyce was then present. About four months afterwards Worley spoke to Judge Fisher in reference to his salary, and was told that he had better say nothing about it just then, but that he should go on with the work, and when an account was stated, he ·would be allowed what. his services were reasonably worth. This was the testimony of Judge Fisher. An expert bookkeeper proved the amount allowed was most reasonable. The appellee himself proved that Judge Fisher told him he would

get what his services were worth, and that, on an occasion prior thereto, while he was sitting at his desk in the office of the Franklin Coal Co., John A. Boyce entered the room and walking up and down the floor, at some distance from his desk, declared that *he* did not propose to pay more than $100 per year for keeping the estate's books. Appellee did not consider that John Boyce was speaking to him, and determined to pay no attention to this remark. Subsequently he spoke to Judge Fisher, whom he regarded as the principal executor, and as above stated, was told he would receive "what his services were worth." John Boyce and his brother William testified that they went to Mr. Worley and said to him: "Mr. Worley, we have determined, that your salary for keeping the books of the estate shall be $100 per year," and that Worley made no reply.

The cause was argued before ROBINSON, C. J., BRYAN McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Vernon Cook* (with whom were *Gans & Haman* on the brief), for the appellants.

*Wm. S. Bryan, Jr.* (with whom was *E. N. Rich* on the brief), for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Court below overruling exceptions to the Auditor's Account in the estate of James Boyce, deceased, allowing the appellee forty dollars a month for services rendered by him as clerk to the executors.

The question turns upon whether these services were rendered under an agreement with the executors, by which the appellee was to be paid one hundred dollars a year, or under an agreement by which he was to be paid a fair and reasonable compensation for such services.

If the case rested upon the testimony of John A. Boyce

and W. W. Boyce, two of the executors, it might be fairly inferred that the services were rendered by the appellee under an agreement express or implied, by which he was to be paid one hundred a year. The appellee, however, denies that there was any such agreement or understanding, and Judge Fisher, the other executor, testifies that when the appellee inquired of him as to what he was to be paid for his services, he, the witness, told the appellee to go on with the work, and he should be paid what his services were fairly and reasonably worth.

The proof shows that the services rendered by the appellee were fairly and reasonably worth forty dollars per month. And in view of this conflict in the testimony, it can hardly be said that the exceptants have satisfactorily established an agreement between them and the appellee, by which the latter was to be paid one hundred dollars a year. We agree therefore with the Court below, that the appellee is entitled to a fair and reasonable compensation for his services.

*Order affirmed.*